## STATE, use of IGNATIUS GARDINER, *vs.* C. S. KEECH, Adm'r of THOS. P. TURNER.

In an action upon a constable's bond, the docket entries and the evidence of the Justice who rendered the judgments, showing that the judgments had been *superseded* in time, are admissible in evidence to exonerate the constable, even though the *supersedeas* may have been invalid.

The Act of 1842, ch. 283, does not contemplate that the constable shall be liable for the ignorance, mistake or neglect of the Justice in taking an invalid *supersedeas*.

APPEAL from the Circuit Court for Prince George's county.

*Debt,* brought on the 25th of March 1856, by the appellant, on the bond of Turner as constable, dated the 13th of June 1853.

*Exception.* At the trial the plaintiff offered in evidence the following receipt, the execution of which was proved:

"Sept. 14th, 1853. Received of Charles A. Duvall, a note of hand, drawn by James M. Boyd, for fifty dollars, dated May 28th, 1853, also, one against same, for fifty dollars, dated April 9th, 1853. THOS. P: TURNER, Const."

The plaintiff then proved an assignment by Duvall, endorsed on this receipt, and dated the 19th of December 1854, by which Duvall, for value, assigned all his interest in the notes, mentioned in this receipt, to Gardiner, the *cestui que use* in this action, and then rested.

The defendant proved that Turner, his intestate, died in September 1855, and then offered to read in evidence to the jury, to show that his intestate had performed his duty as constable in the premises, and to discharge his estate from liability in this case, certain entries from the docket of James R. Davis, a justice of the peace, purporting to be judgments rendered by said Justice in favor of said Duvall against said Boyd.

These entries show that judgments by confession, on the notes mentioned in the receipt, were rendered on the 28th of Oct. 1854, in favor of Duvall against Boyd, and on each judgment is this entry: "*Sup'd by Haswell Magruder & R. A. Harwood, for 6 mos. from date of judgt.*"

The defendant then offered in evidence to the jury, in connection with the aforesaid entries, to show that the claims in the constable's receipt, sued upon in this case, had been attached, certain other entries from the docket of said justice, purporting to be two judgments of condemnation against Boyd, rendered by the justice, on the 26th of April 1855, upon attachments issued at the instance of creditors of Duvall.

The defendant then proved by Davis, the justice, that the aforegoing entries were made by him. The plaintiff objected to the admissibility of said entries to show that the defendant's intestate had performed his duty as constable, or that the claims, mentioned in said receipt, had been attached, or for the purpose of discharging the defendant from liability in this case, but the court (CRAIN, J.) overruled said objections, and allowed said docket entries to be read to the jury in connection with the receipt offered in evidence by the plaintiff, to show that the defendant's intestate had performed his duties as constable in the premises, and therefore the defendant was not liable in this action. To the ruling of the court in permitting said entries to be read in evidence to the jury, for the purpose aforesaid, the plaintiff excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*Thos. F. Bowie,* for the appellant:

The plaintiff made out a *prima facie* case by proving the constable's receipt. This receipt was, under the Act of 1842, ch. 283, *prima facie* evidence of the plaintiff's right to recover, and, under this Act, the constable can only be discharged by proving the issue of an execution, and return of *nulla bona,* or an injunction, *supersedeas,* or writ of *certiorari.* The *supersedeas* here relied on was inadmissible, because void and inoperative, *not having been signed by the sureties.* The Act of 1791, ch. 67, sec. 1, allowed a *supersedeas* in cases of magistrates' judgments, as in all other cases, and

prescribed the *form* therefor. The Act of 1825, ch. 223, sec. 2, dispenses with the form, and allowed the *entry to be short*. The Act of 1835, ch. 224, sec. 3, required the signatures of the sureties, but this applied only to the city of Baltimore. Then comes the Act of 1843, ch. 321, which applies to the whole State, and changes the form of the *supersedeas*, and now the *entry on the docket* must be as required by that law. The sureties must *sign* the *supersedeas*, and their signatures must appear *on the docket* of the Justice. In this case it was not so signed, and was, therefore, informally taken by the magistrate, is inoperative, and can afford no protection to the constable, who, notwithstanding the entry thereof, should have ordered the executions on the judgments to issue.

*Daniel Clarke* for the appellee:

It is conceded, on the other side, that these docket entries *are evidence*, but it is said they do not show a discharge of the constable, because the *supersedeas* was informally entered. But, it is submitted, they operate to prevent the recovery in this action. The inquiry whether the *supersedeas* was regular or not, would be legitimate if the suit was against the *magistrate*, but it cannot be as against the *constable*. The entry on the magistrate's docket, that the judgment was *superseded*, is sufficient to protect him. He did all he could and all that the law requires of him, and it would be monstrous to hold him responsible for the ignorance or mistake of the justice. But again, the *entry* on the docket is not the *supersedeas*. The *supersedeas* proper, or what the law of 1843 means as such, and requires to be signed by the sureties, is the instrument, drawn out in *full form*, and given to the party. This is never entered *in full* on the docket. And in this view the objection, that the *supersedeas* was informally taken, cannot be sustained, for there is nothing to show such informality. The docket entry merely shows, or at least is perfectly consistent with the fact, that a proper *supersedeas* was taken, drawn out in form, signed by the sureties, and delivered to the party.

State, use of Gardiner, *vs.* Turner's adm'rs.

*Note.*—The argument on other points is omitted.

Tuck, J., delivered the opinion of this court.

At the trial below, after the plaintiff had established a *prima facie* case, under the Act of 1842, ch. 283, the defendant, to show that his intestate had been prevented from collecting the claims in his hands for the use of the plaintiff, offered to prove, by the docket entries of the justice before whom the judgments were rendered, and by the evidence of the justice himself, that the judgments had been superseded within the time limited by law, so that writs of *fieri facias* could not be sued out thereon, there being no evidence that any *supersedeas* had been signed by the parties, as required by the Act of Assembly. And he also offered, "in connection with the above mentioned entries," in order to show that the claims mentioned in the constable's receipt had been attached, certain other entries from the docket of the justice, and proved by the justice himself, purporting to be two judgments of condemnation, rendered upon attachments against the debtor of the present plaintiff at the suit of creditors of Duvall, to whom the receipt in this case was given by Turner, as constable, "whereupon the plaintiff objected to the admissibility of said entries, as evidence, to show that the defendant's intestate had performed his duty as constable, or that the claims had been attached, or for the purpose of discharging the said defendant from liability in this case, but the court overruled said objections, and allowed said docket entries to be read to the jury, in connection with the receipt offered in evidence by the plaintiff, to show that the defendant's intestate had performed his duties, as constable, in the premises, and therefore the defendant was not liable in this action." The plaintiff excepted to the ruling of the court, "permitting the said entries to be read in evidence, for the purpose aforesaid," but no exception was taken to the ruling that, "the defendant was not liable."

We are of opinion that the evidence of the *supersedeas* was properly admitted. The Act of Assembly does not contemplate that the constable shall be liable, if the justice of

M. R. McKee's adm'rs *vs.* A. McKee's adm'rs.

the peace takes a *supersedeas* which is invalid; that would be to make him responsible for the ignorance or mistake, or neglect of another, over whose official conduct he has no control, and to charge the sureties in his bond for the misconduct of one, for whose performance of duty they had not undertaken. When informed by the justice that a judgment has been superseded, the officer has no right to demand an inspection of his proceedings; without which their legality cannot be determined. The argument, on the part of the appellant, would apply, with equal propriety, to a defective injunction or *certiorari*, which writs are likewise mentioned in the Act as defences to actions of this kind, but we suppose that such process would arrest execution of the judgment, no matter how irregular or insufficient it might be, provided the court had jurisdiction in the premises.

As this portion of the evidence was an answer to the plaintiff's case, we need not pass upon the propriety of admitting proof of the attachments.

*Judgment affirmed.*

(Decided January 23rd, 1861.)